Charles **FOUNTAIN**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 12952.

United States Court of Appeals
District of Columbia Circuit.

Argued April 27, 1956.

Decided June 28, 1956.

45. Fed.R.Civ.P.

Mr. Marshall P. Johnson, Washington, D. C. (appointed by District Court), for appellant.

Mr. E. Tillman Stirling, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty. at the time brief was filed, Lewis Carroll and Edward O. Fennell, Asst. U. S. Attys., were on the brief, for appellee.

Mr. Oliver Gasch, U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.

## PER CURIAM.

This appellant was indicted, the first count charging an assault to commit rape and the second, alleging he took "indecent liberties" with a child. The court ruled that the child was incompetent to testify, but admitted the testimony of adults to outcries and statements of the child. Fountain was acquitted of the second charge but was convicted of the first.

■ The principal question before us on this appeal is whether the evidence was sufficient to establish beyond a reasonable doubt the guilt of Fountain on the count of which he was convicted— assault to commit rape, and in particular whether the corpus delicti was proved. In Hammond v. United States,[1] this court spelled out the elements of an assault to commit rape. Not only must the assault disclose the purpose of the accused but there must be an overt act in addition to the intent. In the Hammond case it was not doubted that the accused was guilty of a serious offense, but we held that proof of a purpose "to look or to fondle" fell short of establishing the crime of attempted rape.

■■ We must inquire whether the evidence proves, beyond a reasonable doubt, the assault with intent to commit rape.[2] The confession of the accused in this case tends to prove that Fountain took indecent liberties. It certainly does not prove an attempt at carnal knowledge within the Hammond case, although it may properly have been received as some evidence to be considered as part of the case as a whole. Our problem stems from the requirement that the corpus delicti be proved with reference to the count upon which conviction was had, for certainly the legal presumption is that Fountain was innocent until proved guilty beyond a reasonable doubt. See Hammond v. United States, supra.

■ In Opper v. United States,[3] the Court makes clear, first, that extra-judicial confessions must be corroborated. The next question is what quantum of proof will constitute corroboration? The Court, id. 348 U.S. at page 93, 75 S.Ct. at page 164, answers: "It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. * * * It is sufficient if the corrobora-

1. 1942, 75 U.S.App.D.C. 397, 127 F.2d 752.

2. Cf. Beausoliel v. United States, 1939, 71 App.D.C. 111, 107 F.2d 292; Snowden v. United States, 1893, 2 App.D.C. 89.

3. 1954, 348 U.S. 84, 89–91, 75 S.Ct. 158, 99 L.Ed. 101.

tion supports the essential facts admitted sufficiently to justify a jury inference of their truth. Those facts plus the other evidence besides the admission must, of course, be sufficient to find guilt beyond a reasonable doubt." [4]

 Here the Government introduced substantial independent evidence which tended to establish that Fountain took indecent liberties with the child, as alleged in the second count. "He was in here pulling at my pants * * *." the child said, according to the testimony. But the confession admitted no more, indeed "more" was expressly denied. Thus, with the independent evidence as corroboration, the child's statements tended to establish the trustworthiness of the admission in Fountain's statement sufficiently to supply all the essential facts, which on the evidence as a whole, justify a finding of guilt, beyond a reasonable doubt, as to the taking of indecent liberties. The corpus delicti having thus been established as to the second count, a conviction on that count would have been proper.

Had Fountain's intent to commit rape been shown by the independent evidence coupled with Fountain's admission and the child's declarations, a like conclusion would follow that the corpus delicti of the first count was proved, and with that element so established, a finding of guilt beyond a reasonable doubt would have been in order. Here, however, the "exciting event" established by the child's statements, without corroboration, was not an attempt to commit rape. Jones v. United States [5] holds that the corpus delicti in a case such as this may not be established by the victim's spontaneous declaration. Had the child's dec-

larations here been corroborated, they might have tended to show such an assault. But those declarations in this respect are without corroboration,[6] nor is there independent evidence establishing the corpus delicti.[7] There was no medical testimony. There were no physical markings. *Absent some such proof* in this case, the confession, taken separately, fails to establish a carnal knowledge case for it deals with an exciting act which rendered the child's statements of evidentiary value only as to the indecent liberties count.

Thus, reluctantly, we must conclude that the corpus delicti was not shown as to the count upon which conviction was rested, and reversal is required.[8]

Reversed.

---

4. Cf. Smith v. United States, 1954, 348 U.S. 147, 153–154, 75 S.Ct. 194, 197–198, 99 L.Ed. 192.

5. 1956, 97 U.S.App.D.C. 291, 231 F.2d 244.

6. Brown v. United States, 1945, 80 U.S. App.D.C. 270, 152 F.2d 138; and see Jones v. United States, supra note 5.

7. See, for example, Snowden v. The United

States; Beausoliel v. United States, supra note 2.

8. Hammond v. United States, supra note 1. Had there been evidence of an attempt at carnal knowledge, the confession certainly could have been considered as some evidence in evaluating the case as a whole. Smith v. United States, supra note 4, 348 U.S. at page 156, 75 S.Ct. at page 199.