**Fred INMAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13470.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 1, 1957.

Decided March 28, 1957.

Petition for Rehearing Denied
May 6, 1957.

Mr. Aloysius B. McCabe, Washington, D. C. (appointed by this Court), for appellant.

Mr. Harry T. Alexander, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and PRETTYMAN and BURGER, Circuit Judges.

PER CURIAM.

Appellant was convicted of receiving stolen goods in violation of D.C.Code § 22–2205 (Supp. V, 1951 ed.), the trial court having dismissed sua sponte a prior count of the indictment charging grand larceny. A police officer testified that appellant admitted, after his arrest, that he and one Arnold were driving near the scene of the theft the night the property was stolen, that Arnold left the car and shortly thereafter returned with the property, and that he (appellant) knew the property had been stolen. On this appeal appellant contends there was no corroborative evidence to support his admissions, and hence the admissions were legally insufficient to warrant an inference that appellant "received" the property. See Opper v. United States, 1954, 348 U.S. 84, 89–92, 75 S.Ct. 158, 99 L.Ed. 101.

There was abundant testimony that appellant had the stolen goods in his possession shortly after the theft took place, and retained such possession while attempting, with others, to sell the property. Unexplained possession of known stolen goods is a forceful circumstance which supports the admitted fact of receipt[1] to such an extent that the jury would be justified in concluding the admissions were true. Opper v. United States, supra, 348 U.S. at page 93, 75 S. Ct. at page 164; Fountain v. United States, 1956, 98 U.S.App.D.C. 389, 236 F. 2d 684. Whether this evidence would likewise support a conviction of larceny is immaterial, for one who is technically guilty of larceny but was not present at the moment when the larceny occurred

---

1. Some jurisdictions hold unexplained possession of goods recently stolen raises a presumption that such goods have been illegally received. See, e. g., Commonwealth v. Kaufman, 1955, 179 Pa.Super. 247, 116 A.2d 316; Simmons v. State, 1951, 36 Ala.App. 36, 53 So.2d 398. Cf. Bollenbach v. United States, 1946, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350.

may be convicted of receiving stolen goods. Weisberg v. United States, 1919, 49 App.D.C. 28, 258 F. 284.

We have reviewed appellant's assertions that the trial court committed error in instructing the jury and that the pretrial procedure deprived appellant of his 6th Amendment rights, but we find no error with respect to either of these points.

The judgment of conviction is

Affirmed.