**Daniel G. McKNIGHT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17032.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 28, 1962.

Decided Oct. 25, 1962.

Mr. Paul R. Connolly, Washington, D. C. (appointed by this court), for appellant.

Mr. Paul A. Renne, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Joel D. Blackwell, Asst. U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty., at the time the brief was filed, were on the brief, for appellee. Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance for appellee.

Before BAZELON, Chief Judge, and WILBUR K. MILLER and FAHY, Circuit Judges.

BAZELON, Chief Judge.

Appellant was charged with one count of unauthorized use of a motor vehicle, D.C.Code § 22–2204 (1961), and one count of interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312 (1958). At trial the Government introduced no "direct evidence" of the essential elements of the offenses. It did, however, introduce direct evidence of "exclusive possession [by the defendant] of recently stolen property." The only instruction given to the jury on the issue of inferring guilt from possession was as follows:

"Now, it is the law, members of the jury, that the exclusive possession of recently stolen property, unexplained, is sufficient to support a verdict of guilty of larceny."

Defense counsel, who was not his counsel on appeal, did not request this instruction; but neither did he offer one of his own; nor did he object to the instruction as given. And when asked by the trial judge if he had "anything" to say about the instruction, he replied in the negative. The jury returned a verdict of guilty. This appeal followed, in which the primary question relates to the quoted instruction.

In Bray v. United States, 113 U.S.App. D.C. 136, 306 F.2d 743 (1962), this court carefully defined the limits to which the doctrine of "inference" may be pressed in criminal cases. After stating that an "inference" but not a "presumption" of

guilt could be drawn from recent exclusive possession of stolen property, we said:

"The distinction between a presumption and an inference is subtle, but not unreal. A presumption, sometimes called a presumption of law, is an inference which the law directs the jury to draw if it finds a given set of facts; an inference is a conclusion which the jury is *permitted*, but not compelled, to draw from the facts." [113 U.S.App.D.C. at 140, 306 F.2d at 747.]

In Bray "the trial court did not instruct the jury that there was a *presumption* that one in possession of recently stolen goods was the thief.[1] Rather, it said 'you may if you see fit to do so *infer* * * * that this defendant is guilty unless you find that he has explained * * * his possession of the [stolen vehicle].' " We therefore held that "this did not mislead the jury into believing that it was *required* to infer guilt from possession."

██ The instruction in the instant case that exclusive possession of recently stolen property "is *sufficient to support* a verdict of guilty," is inadequate. It was no more than a bare conclusion, in legal parlance, which unnecessarily informed the jury that the judge was not required to direct a verdict of acquittal. It did not make clear that, if the jury found exclusive possession by the defendant of recently stolen goods, it *could*, but was *not required* to, find that defendant had stolen the goods.

1. In the Bray case the judge instructed the jury as follows:

"there is another principle of law which you have for your consideration in this case and that is the principle known as possession of recently stolen goods. If you find that this defendant was in possession of this automobile, Lincoln Continental, and that that vehicle had been recently stolen, and it had been stolen in North Carolina, and you further find it to be in the District of Columbia, and you further find that it was in fact being driven by this defendant, then you may,

if you see fit to do so, infer therefrom that this defendant is guilty of the offense with which he is charged, unless you find that he has explained to your satisfaction his possession of the vehicle in question on the date in question and under the circumstances stated. The Court states to you that you are not required to so infer from the facts, but you may infer unless he has explained, or the defense has explained to your satisfaction his possession in the District of Columbia on the date in question." [113 U.S.App. D.C. at 139, 306 F.2d at 746.]

 Had this error been objected to below, reversal of the conviction would be required. In the context of this case, however, the error is not one which warrants reversal under Rule 52(b) of the Federal Rules of Criminal Procedure.

A careful consideration of appellant's other contentions reveals no error.

Affirmed.

WILBUR K. MILLER, Circuit Judge, concurs in the result.