Chester L. **ROBERTSON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19608.

United States Court of Appeals District of Columbia Circuit.

Argued March 9, 1966.

Decided July 7, 1966.

J. Skelly Wright, Circuit Judge, dissented.

United States, 121 U.S.App.D.C. 78, 348 F.2d 84, 98 (concurring opinion), cert. denied, 382 U.S. 909, 86 S.Ct. 247, 15 L.Ed.2d 160 (1965).

Mr. Robert L. Freedman, Washington, D. C. (appointed by this court), for appellant.

Mr. Charles A. Mays, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM.

On this appeal from a jury conviction of robbery, reversal is sought by reason of an asserted insufficiency of the evidence, as well as the giving of certain instuctions to which no objection was made.[1] Our examination of the record does not cause us to feel that reversal is compelled for these reasons; and we think our comment may appropriately be confined to only one of them.

This is the matter of the instruction given by the trial court on possession of stolen property. The instruction as given was somewhat confusing in its formulation; and it also contained an undesirable use (i) of the word "criminal" and (ii) of the phrase "very satisfactorily" in one of the references to the burden of explanation resting upon the defendant. Although there was a considerable colloquy between the court and defense counsel at the close of the charge as to the propriety of one of the instructions given, no reference of any kind was made by the defense to this particular instruction on possession. We have concluded, in the context of the entire transcript of the trial, that the plain error rule does not require reversal. Rule 52(b), FED.R.CRIM.P.

The primary concern which this court has had with the instruction on possession is that the jury be aware that possession, unless explained, creates only an inference of guilt which the jury may choose to find by reason of it, and not a presumption which ends the matter so far as the jury is concerned. Although the instruction here is not artistically phrased, we believe the court made a genuine effort to apprise the jury of this distinction; and we do not believe the jury was actually left in any doubt about it. The defense submitted no instruction of its own on possession and, after the instruction was given, the defense made no objection of any kind to it. In McKnight v. United States, 114 U.S.App.D.C. 40, 309 F.2d 660 (1962), this court sustained a conviction because of the lack of objection in the case of a possession instruction which admittedly was faulty in this major respect. We should be less disposed to reverse, absent an objection, in a case where the fault is by no means so apparent.

We think the reference to "criminal" was unfortunate, but it does not appear to have been a deliberate or par-

---

1. Error is also claimed in respect of the court's failure to accede to the defense request that the reasonable doubt instruction be expanded by a reference to the exclusion of every reasonable hypothesis other than guilt. But where, as here, the reasonable doubt charge as given is otherwise unexceptionable, we have said, following Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150 (1954), that this is not necessary. Hunt v. United States, 115 U.S.App.D.C. 1, 316 F.2d 652 (1963).

ticularized reference to appellant. The immediate context was one of a portion of the instructions which was highly favorable to the defendant, i. e., when the judge was trying to communicate to the jury the general principle that doubts are always to be resolved in favor of a defendant in a criminal case. In the same way, the reference to "very satisfactorily explained" came after the court had made clear that it was for the jury to determine whether the defendant's explanation was satisfactory to it. The absence of objection suggests again that defense counsel, who heard the charge and was presumably alert to the inflections, did not have the impression under the circumstances that his client was being seriously prejudiced.

Affirmed.

J. SKELLY WRIGHT, Circuit Judge (dissenting).

Appellant was charged with robbery [1] in the form of purse snatching. Although he was shown to be in possession of the billfold from the alleged victim's purse, the evidence as to the snatching was entirely circumstantial. Appellant testified that he had found the billfold under a seat on the bus on which both he and the complaining witness were passengers.

The trial judge charged the jury in part as follows:

"But if it raises a doubt in your mind, because you are not required to find without a reasonable doubt on his part how the property came into his possession, he is required only that he raise a question in your mind, because all questions where there is any doubt you must determine those questions in favor of the criminal.

"But the obligation is, if you should find that the property stolen or lost by Charlotte Robinson, where it is in the possession of Robertson shortly after the loss, by the complaining witness, then you may infer if you should so deem it advisable that this defendant was the person who took the property of the complainant.

"I say unless it is very satisfactorily explained to you by this defendant as to how the property was in his possession."

Since the trial court's reference to appellant as a criminal may have undermined the presumption of innocence, I think reversal is required. Under the circumstances we should not speculate on the degree of prejudice to appellant resulting from this reference. The presumption of innocence, like the right to counsel, "is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." Glasser v. United States, 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942).

It appears to me, too, that the "very satisfactorily" burden of explanation placed on appellant also tended to undermine the presumption of innocence, particularly where, as here, the appellant explained that he had found the billfold, and the complaining witness testified that she had lost her billfold on a prior occasion, having left it on a counter in a store. Although there is some justification in the law for placing the burden of satisfactory explanation on a defendant found in possession of stolen goods, there is none which requires that explanation to be "very satisfactory." [2]

I respectfully dissent.

1. 22 D.C.CODE § 2901 (1961).

2. Compare Inman v. United States, 100 U.S.App.D.C. 150, 243 F.2d 256 (1957), *cert. denied*, 358 U.S. 888, 79 S.Ct. 132, 3 L.Ed.2d 116 (1958).