**Fred GINYARD, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 4246.

District of Columbia Court of Appeals.

Argued June 12, 1967.

Decided Aug. 10, 1967.

George V. Allen, Jr., Washington, D. C., for appellant.

Joel Finkelstein, Washington, D. C., for appellee.

David G. Bress, U. S. Atty., Frank Q. Nebeker, Judith Ann Wilson and Edward T. Miller, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN, Associate Judge, Retired.

MYERS, Associate Judge.

Appellant was convicted by a jury of the charge of petit larceny. 22 D.C.Code § 2202 (1961).

At trial two special officers employed by a local department store testified they had watched appellant as he removed four suits from a rack in the basement store and dropped them into a shopping bag. As appellant ran from the area where he was observed, up a flight of stairs, and out of the building, the detectives followed. Upon reaching the street, appellant discarded the bag containing the suits. One officer

promptly recovered the bag while the other pursued and arrested appellant.

Appellant denied he had ever had possession of the suits or had taken merchandise belonging to the store. He maintained that the officers thrust the suits upon him outside the building. He admitted being in the basement store, explaining he hoped to find children's tennis shoes on sale, but left without buying anything when he learned there was no sale.

 Four suits were identified as those allegedly taken by appellant and were admitted into evidence. Appellant's objection on the ground that the government had presented no proof to establish their ownership by the store was overruled. On appeal present counsel did not pursue this point but instead contended there was no evidentiary foundation to establish that these were the same suits he was charged with having stolen. This theory is therefore not properly before us;[1] but suffice it to say, without detailing the evidence, that the record clearly reflects that a proper foundation was laid for the admission of the suits into evidence.

 Before learning that appellant intended to take the stand in his own defense, the government at a bench conference requested a ruling on the extent to which it would be permitted to question appellant about prior convictions. The trial judge reviewed appellant's criminal record and then ruled that the government could not inquire as to appellant's prior narcotics convictions but could question him as to former larceny convictions. Appellant contends that the trial judge did not properly exercise the required discretion in balancing the probative relevance of these convictions upon the issue of credibility against their prejudicial effect upon the jury in deciding whether appellant was guilty of the instant charge against him. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965).[2]

D.C.Code § 14–305 (Supp. V 1966) provides that the fact of conviction may be given in evidence to affect the credibility of a witness either upon cross-examination or by evidence aliunde. *Luck* did not change the law—it established only that "Congress, in legislating to the effect that prior convictions may be used to impeach, left some room for the play of judicial discretion over the unfolding circumstances of the immediate trial." Hood v. United States, 125 U.S.App.D.C. 16, 365 F.2d 949, 951 (1966). See also Jackson v. United States, D.C.App., 232 A.2d 576 (decided August 10, 1967).

We deem the conclusion inescapable that the trial judge carefully considered whether prejudice might flow from permitting cross-examination of appellant as to his prior criminal record for purposes of impeachment.[3] After inquiring as to the dates and character of appellant's convictions and examining appellant's criminal record, he admonished government counsel not to expose to the jury the papers containing the record and to restrict questioning to prior *larceny* convictions. In addition, he fully instructed the jury that they were to consider this evidence only in connection with their evaluation of the credence to be given appellant's testimony; that "prior convictions are in no way evidence of the defendant's guilt of the offense which he is charged with here today," and that they "must not draw any inference of present guilt from prior convictions." Essentially

---

1. Cf. United States v. Indiviglio, 352 F.2d 276, 279 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L. Ed.2d 663 (1966).

2. See also Brown v. United States, 125 U.S.App.D.C. 220, 370 F.2d 242 (1966); Pinkney v. United States, 124 U.S.App. D.C. 209, 363 F.2d 696 (1966).

3. We find no merit to appellant's contention that proof of his prior larceny convictions was defective. Not only did he concede them, but his counsel neither objected to their admission nor requested instructions limiting their application beyond that spelled out by the trial judge.

the same caution was echoed in the government's closing argument. We find the judicial ruling consistent with the law and hold that the trial judge did not abuse his discretion in allowing, as circumscribed, the use of the larceny convictions.[4]

■ Appellant also contends that the court's instructions on the elements of larceny were misleading and erroneous. Trial counsel neither submitted written requests for instructions nor objected to them as given by the trial judge.[5] In fact, he expressed himself satisfied with them. It is a salutary principle for the orderly progress of litigation that objections not raised at trial must be considered as abandoned and waived for purposes of appeal. United States v. Indiviglio, 352 F.2d

276, 279 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887 (1966); Villaroman v. United States, 87 U.S.App. D.C. 240, 184 F.2d 261, 21 A.L.R.2d 1074 (1950). See also Miller v. Avirom, U.S. App.D.C. (decided June 28, 1967), citing United States v. Atkinson, 297 U.S. 157, 159, 56 S.Ct. 391, 80 L.Ed. 555 (1936). An appellate court is not disposed to reverse absent an objection where no prejudice appears to have resulted. Robertson v. United States, 124 U.S.App.D.C. 309, 364 F.2d 702 (1966). In any event, the instruction given by the trial judge was comprehensive and clearly presented to the jury the elements of asportation and intent.

As we find no error, the conviction is

Affirmed.

---

4. Appellant at no time suggested to the trial judge that the prospect of impeachment might deter him from testifying. In any event, the evidence established so strong a case against him that the bare possibility he was impeached as a result of cross-examination as to his prior larceny convictions is practically non-existent. Any error would therefore be harmless error and would not affect our decision. See Criminal Rule 32(a) of the trial court.

5. Criminal Rule 18 of the trial court.