**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Samuel James STOVER, Defendant-Appellant.**

**No. 18925.**

United States Court of Appeals Sixth Circuit.

June 4, 1969.

**912**

Robert A. Benson, Grand Rapids, Mich. (Court Appointed), for appellant.

Harold D. Beaton, U. S. Atty., Grand Rapids, Mich., for appellee.

Before WEICK, Chief Judge, and EDWARDS and PECK, Circuit Judges.

PER CURIAM.

Appellant was convicted by jury verdict of transporting a stolen automobile in interstate commerce in violation of the Dyer Act, 18 U.S.C. § 2312 (1964).

On appeal he contends that the evidence was insufficient to present a jury question as to his guilt.

There was evidence that the car, a 1966 Buick, was stolen from a used car lot in LaPorte, Indiana, between 6:30 and 7:00 p. m. on November 29, 1967. Shortly before that time appellant had been seen seated in the car. He had also priced the Buick.

Government witnesses testified to seeing appellant in the Buick at about 9:30 p. m. the same evening parked outside a tavern in New Buffalo, Michigan, and to his offering to sell the car to patrons in the tavern. Later that night, at 3:20 a. m., appellant was found in the stolen car in New Buffalo and was arrested on a drunk and disorderly charge. When arrested, appellant did not have the ignition key to the car.

Appellant testified that a friend named Andretti had driven him to New Buffalo in the car and that he had not known it was stolen. The offer to sell the car, he testified, was a joke. Andretti could not be located or identified.

Appellant denies possessing or knowingly driving a stolen car in interstate commerce. A jury verdict, however, must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). In our view there was substantial evidence on the facts recited to support the jury's inference that he did know the car was stolen and did in fact possess and drive it in interstate commerce.

*See* United States v. Tremont, 351 F.2d 144 (6th Cir. 1965), cert. denied, 383 U.S. 944, 86 S.Ct. 1198, 16 L.Ed.2d 207 (1966); United States v. Creek, 403 F.2d 220 (6th Cir. 1968); United States v. Weldon, 384 F.2d 772 (2d Cir. 1967).

The judgment of the District Court is affirmed.