UNITED STATES of America,
Plaintiff-Appellee,

v.

Walter J. CHASTAIN, Defendant-
Appellant.

No. 18426.

United States Court of Appeals,
Seventh Circuit.

Dec. 22, 1970.

Dean E. Richards, Indianapolis, Ind., for defendant-appellant.

Stanley Miller, U. S. Atty., Richard L. Darst, Asst. U. S. Atty., John E. Hirschman, Asst. U. S. Atty., Southern District of Indiana, Indianapolis, Ind., for plaintiff-appellee.

Before FAIRCHILD and KERNER, Circuit Judges and CAMPBELL, Senior District Judge.*

* Senior District Judge Campbell of the Northern District of Illinois is sitting by designation.

PER CURIAM.

Defendant was convicted at a bench trial of interstate transportation of a stolen motor vehicle (18 U.S.C. § 2312). Sentencing was set for October 1, 1968, but defendant failed to appear and a warrant issued. Defendant later (January 30, 1970) voluntarily appeared and was sentenced to a term of three (3) years.

Defendant urges three arguments on appeal: (1) That certain evidence and testimony was improperly admitted in that it was acquired or resulted from an alleged unlawful search; (2) that the trial court erroneously refused to admit into evidence the results of a polygraph test; and, (3) that the trial court relied on misinformation in sentencing defendant.

For the reasons set forth below, we find no merit in these contentions.

■ 1. *The alleged illegal search.* Whatever the merits of defendant's contention as to the lawfulness of the initial search, at no time during the trial did he present a motion to suppress the evidence he now argues should not have been admitted. It is, of course, too late to present the issue now. United States v. Phillips, 375 F.2d 75 (7th Cir. 1967); Sykes v. United States 373 F.2d 607 (5th Cir. 1966); see also, Law and Tactics in Exclusionary Hearings, p. 41 (1969); Reisig, Searches and Seizures Handbook, Practicing Law Institute, pp. 107–8, (1968).

■ 2. *Excluding the results of the polygraph tests.* It appears from the record that defendant has not laid a proper foundation for the proffered testimony. (See, II Amsterdam, Segal and Miller, Trial Manual for the Defense of Criminal Cases §§ 397 et seq.). In any event, it is clearly within the discretion of the trial judge to exclude such evidence. See, e. g. United States v. Tremont, 351 F.2d 144, 146 (6th Cir., 1965).

■ 3. *Alleged misinformation regarding defendant's sentence.* We have reviewed the record of the sentencing proceedings and find no merit to defendant's contention that the trial court relied on any misinformation in imposing sentence.

■ The defendant's failure to appear for sentencing could certainly be considered by the court. At the request of defendant, the court did not consider evidence of any subsequent crime. Finally, it is difficult to understand how defendant can complain of any misinformation contained in probation reports when he refused to even talk with the probation officer.

We wish to acknowledge that Dean E. Richards of the Indiana bar ably represented defendant as appointed counsel in this court.

The Judgment is affirmed.