Bobby F. VILLINES, Appellant,

v.

UNITED STATES, Appellee.

No. 7302.

District of Columbia Court of Appeals.

Submitted April 9, 1974.

Decided June 4, 1974.

See also D.C.App., 312 A.2d 304.

George Spiegel and James Carl Pollock, Washington, D. C., both appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, James A. Adams and Steven R. Schaars, Asst. U. S. Attys., for appellee.

Before REILLY, Chief Judge, and KELLY and FICKLING, Associate Judges.

PER CURIAM:

Appellant was convicted of inducing a female to engage in prostitution, D.C. Code 1973, § 22–2705,[1] compelling a female to reside with him for the purpose of prostitution, D.C.Code 1973, § 22–2706,[2] assault with a dangerous weapon (a shod foot), D.C.Code 1973, § 22–502,[3] and malicious disfigurement, D.C.Code 1973, § 22–506.[4] We affirm.

█ Our review of the record satisfies us that there was sufficient evidence for the jury to find appellant guilty of each offense. The evidence can be summarized as follows: The complainant moved to Washington, D.C., from Richmond, Virginia, after her high school graduation in order to attend Temple Secretarial School. She completed a one-year secretarial course in June 1972. In July 1972 she met appellant one evening at a night club in downtown Washington. Within several days appellant was able to persuade her to enter into a life of prostitution. The two lived together in an apartment and he took from her the proceeds from her earnings as a prostitute. Later in their relationship he forced her, by subjecting her to severe beatings, to continue to live with him for the purpose of prostitution. He used coat hangers, electric cords, a golf club, his hands and his feet in the beatings.[5] As a result of the beatings, complainant was left with numerous scars and a chipped tooth.

██ Appellant's contentions—that § 22–2705 merged with § 22–2706, and that § 22–502 merged with § 22–506—are without merit. The doctrine of merger does not apply where the offenses arise out of separate acts or transactions. Dixon v. United States, D.C.App., 320 A.2d 318 (1974). Since the evidence here shows that these offenses arose out of separate acts at different times, we need not consider whether § 22–2705 is a lesser included offense of § 22–2706, or whether § 22–502 is a lesser included offense of § 22–506.

Section 22–2705, as it applies to the facts of this case, relates to the period when appellant induced the complainant to engage in prostitution, whereas § 22–2706 applies to the later period when he forced her to live with him against her will for the purpose of prostitution. Similarly, § 22–506 relates to the period between late August and around mid-November when she was maliciously disfigured by appellant as a result of a severe beating, while the ADW —shod foot—(§ 22–502) occurred on November 27, 1972.

We consider next appellant's contention that the trial court erred by failing to instruct the jury that the complainant's testimony was uncorroborated. He argues that

---

1. § 22–2705.
   Any person who, within the District of Columbia shall . . . induce, entice, or procure [any female] to engage in prostitution . . . shall be guilty of a felony.
   . . .

2. § 22–2706.
   Any person who . . . shall compel any female, against her will, to reside with him . . . for the purposes of prostitution . . . shall be guilty of a felony.
   . . .

3. § 22–502.
   Every person convicted of an assault with intent to commit mayhem, or of an assault with a dangerous weapon, shall be sentenced to imprisonment for not more than ten years.

4. § 22–506.
   Every person convicted of mayhem or of maliciously disfiguring another shall be imprisoned for not more than ten years.

5. The golf club which was used in the beatings was seized by the police as a result of a warrantless search of appellant's apartment. It was properly admitted into evidence, however, since the complainant, who shared the apartment with appellant, consented to the search. United States v. Matlock, —— U.S. ——, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974).

although he did not interpose this objection at trial as required by Super.Ct.Cr.R. 30, the trial court's failure to give a corroboration instruction was "plain error" which we can notice on appeal. This contention is wide of the mark.

 Appellant's reliance on Allison v. United States, 133 U.S.App.D.C. 159, 409 F.2d 445 (1969); Fountain v. United States, 98 U.S.App.D.C. 389, 236 F.2d 684 (1956); and Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150 (1952), is misplaced as these cases involved sexual activity between the complainant and the defendant.[6] The court in that line of cases required corroboration of the complainant's testimony for the cogent reason that for these offenses the risk of unjust conviction is high. This rationale does not apply here where none of the offenses for which appellant was convicted involved sexual activity between appellant and the complainant. The trial court, therefore, was not required to instruct the jury on corroboration.

Lastly, we are of the view that the trial court acted within its discretion in admitting, over defense counsel's objection, four color photographs of complainant showing the scars on the upper portion of her body. As a general rule, trial courts may admit photographs of the body so long as they have some probative value and are not intended solely to inflame the jury. *See, e. g.,* United States v. Smith, 490 F.2d 789 (D.C.Cir.1974); Harried v. United States, 128 U.S.App.D.C. 330, 336, 389 F.2d 281, 287 (1967). The photographs here were noninflammatory and were clearly probative of the condition of the complainant's body and, thus, material on the issue of malicious disfigurement.

Affirmed.

6. Assault with intent to commit rape, *Allison, supra; Fountain, supra;* invitation for immoral purposes, *Kelly, supra.*