*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 13-CF-653

MICHAEL A. HARTLEY, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court of the
District of Columbia
(CF3-21883-12)

(Hon. J. Michael Ryan, Trial Judge)

(Submitted January 8, 2015                    Decided May 14, 2015)

*William R. Cowden* was on the brief for appellant.

*Ronald C. Machen, Jr*, United States Attorney at the time the brief was filed, and *Elizabeth Trosman* and *John Truong*, Assistant United States Attorneys, and *Susan M. Simpson*, Special Assistant United States Attorney, were on the brief for appellee.

Before WASHINGTON, *Chief Judge*, and BLACKBURNE-RIGSBY and EASTERLY, *Associate Judges*.

WASHINGTON, *Chief Judge*:  A unanimous jury convicted appellant Michael

A. Hartley of one count each of assault with intent to commit robbery while armed

("AWIRWA"),[1] assault with significant bodily injury ("felony assault"),[2] malicious destruction of property valued at less than $1,000,[3] and wearing a hood or mask while committing a crime[4] in connection with the attempted robbery of James Galloway-Reed ("JGR"). Appellant challenges the trial court's denial of his motion for judgment of acquittal on the AWIRWA and felony assault counts.

Specifically, appellant argues that: (1) the trial court erred in denying his motion for judgment of acquittal because there was insufficient evidence that he was armed for purposes of the AWIRWA conviction; and (2) the injuries sustained by JGR were not severe enough to constitute significant bodily injuries for purposes of the felony assault conviction. For the reasons stated below, we hold that the trial court erred in denying appellant's motion for judgment of acquittal on both counts and order that his convictions for those two counts be vacated and that a judgment of conviction be entered for assault with intent to commit robbery ("AWIR").

---

[1] D.C. Code §§ 22-401, -4502 (2012 Repl.).

[2] D.C. Code § 22-404 (a)(2) (2012 Repl.).

[3] D.C. Code § 22-303 (2012 Repl.).

[4] D.C. Code § 22-3312.03 (2012 Repl.).

**I.**

On the afternoon of December 24, 2012, appellant saw JGR talking on his cell phone and then attempted to rob him of the phone while JGR was on the platform of the Rhode Island Metro station trying to make his way home. During the encounter, appellant repeatedly demanded that JGR surrender his phone, but JGR refused to do so. After failing to acquire JGR's phone through verbal bullying, appellant placed his hand in his jacket pocket, and threatened JGR, telling him, "this isn't a joke, I have a gun." JGR testified that he saw appellant with his hand in his pocket but that he did not believe that appellant actually had a gun.

JGR quickened his pace as he continued to walk towards the street and appellant followed him, all the while telling JGR that he had a gun. Finally, appellant pursued JGR to an underpass across the street from the Metro station and began to physically assault him in an effort to steal his cell phone. Appellant stopped assaulting JGR when the police arrived on the scene in response to a call about the incident.[5] At the scene, JGR identified appellant as the man who assaulted him and appellant was arrested. The police did not find a firearm in appellant's possession or in the area where the assault took place. As a result of

---

[5] A bystander called police after witnessing appellant chase JGR.

the attack, JGR suffered minor cuts to his face, a black eye, and swelling.

## II.

Appellant first contends that the evidence was insufficient for a jury to find beyond a reasonable doubt that he was armed for purposes of the AWIRWA conviction. We agree.

When evaluating a claim of evidentiary insufficiency, this court views the evidence in a light most favorable to the government. *Peterson v. United States*, 657 A.2d 756, 760 (D.C. 1995). Accordingly, we reverse "only if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *Id.* (quoting *In re R.H.M.*, 630 A.2d 705, 707 (D.C. 1993)) (internal quotation marks omitted). In other words, the pertinent question on appeal is whether a rational factfinder, after viewing the evidence in a light most favorable to the government, could have found the essential elements of the charged crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Furthermore, this court does not distinguish between direct and circumstantial evidence when reviewing a trial court's denial of a motion for judgment of acquittal. *See Taylor v. United States*, 662 A.2d 1368, 1371 n.7 (D.C.

1995); *Paris v. United States*, 515 A.2d 199, 204 (D.C. 1986).

The District's "while armed" enhancement provision allows the court to impose an additional term of imprisonment when the defendant has been convicted of a crime of violence[6] during which the defendant was "armed with" or "ha[d] readily available": (1) a firearm, (2) an imitation firearm, or (3) any other dangerous or deadly weapon. *See* D.C. Code § 22-4502 (a). Accordingly, the government is required to prove beyond a reasonable doubt that the defendant possessed or, at a minimum, had ready access to a firearm, imitation firearm, or other dangerous weapon, while committing a dangerous crime. *See Smith v. United States*, 777 A.2d 801, 809 (D.C. 2001). In the absence of direct evidence, this can be proven with circumstantial evidence as long as a factfinder could reasonably infer from the evidence presented that the defendant possessed a firearm, imitation firearm, or other dangerous weapon, while committing the crime. *See id.* at 809-10; *see also Boyd v. United States*, 473 A.2d 828, 832 (D.C. 1984) (affirming defendant's armed rape conviction based primarily on victim's testimony containing statements indicating the presence of a knife even though no direct evidence was introduced that defendant actually possessed a knife during the

---

[6] Assault with intent to rob is a crime of violence. *See* D.C. Code § 23-1331 (4).

rape).

The question here is whether placing one's hand in one's pocket and pointing it at someone while verbally threatening to shoot them if they do not comply with one's demand is sufficient evidence to satisfy the District's while armed enhancement statute. The government principally relies on our decision in *Smith* to support its argument that the evidence in this case is sufficient to support the jury's finding that appellant attempted to rob JGR while armed with a firearm or an imitation firearm. However, the *Smith* case is easily distinguishable from the present case. In *Smith*, the defendant entered a fast food restaurant with his right hand in his right jacket pocket and, after pointing his hand through the jacket pocket at employees, proceeded to pilfer the cash register, threatening to shoot anyone who intervened. 777 A.2d at 803-04. Even though no one testified to actually seeing a firearm on defendant's person, and a firearm was never recovered, this court concluded that the jury could have permissibly inferred that the defendant had a firearm, or an imitation thereof, at the time that he committed the robbery, despite the defendant's testimony that he was only using his hand. *Id.* at 809-10. In reaching its decision, this court noted that:

> [O]ur decision in this case does not necessarily implicate Smith's characterization of the imitation firearm. The jury, after hearing all of the evidence, could have reasonably believed that Smith's hand was *accessing* an imitation firearm in his pocket rather than actually

> *making* an imitation firearm. In any event, we simply hold there was sufficient evidence for a jury to have found that Smith committed the robbery while armed.

*Id.* at 810 n.15 (emphasis in original).

However, unlike the witnesses in the *Smith* case, the victim here testified that he did not believe that appellant was armed with a firearm or might be accessing a weapon while appellant's hand was in his pocket. Further, unlike the defendant in *Smith*, who fled the scene of the crime before police could arrive, appellant in this case was standing within twenty yards of JGR when the police officers arrived and arrested him for the assault. Notably, no evidence was admitted at trial that a firearm or anything that could have been mistaken for a firearm was found on appellant or at the scene. Thus, the jury here was not as free as the jury in the *Smith* case to infer that appellant had a firearm in his possession or was accessing a firearm, or imitation thereof, when he committed the assault on JGR.[7]

_____

[7] Moreover, unlike almost all of the cases upon which the *Smith* court relied in reaching its decision that there was sufficient circumstantial evidence to support the defendant's armed robbery conviction, here, there was no physical manifestation of any weapon, imitation or otherwise, that a witness perceived, either by seeing it or feeling it, that reasonably could be mistaken for a firearm at the time the crime was committed. *Cf. Bates v. United States*, 619 A.2d 984, 985-86 (D.C. 1993) (victim testified that an object that felt like a firearm was pressed against his head and eyewitness testified that appellant pointed a silver object that

(continued . . .)

In sum, on this record, we agree with appellant that there was insufficient evidence to support a finding that appellant attempted to rob JGR while armed with a firearm or an imitation firearm and therefore, his conviction for AWIRWA must be vacated and judgment for the lesser-included offense of AWIR be entered.

## III.

Appellant also argues that the evidence was insufficient to support his felony assault conviction because JGR did not suffer any significant bodily injury as a result of the assault. The government concedes this point, and we agree. *See In re*

---

(. . . continued)

looked like a firearm at the victim); *Paris v. United States*, 515 A.2d 199, 203 (D.C. 1986) (victim testified that appellant thrust an "extremely hard" object into his ribs); *Meredith v. United States*, 343 A.2d 317, 319 (D.C. 1975) (testimony that robbery was committed with a .22 caliber starter pistol). Furthermore, there was no evidence that a firearm or other object that could have been mistaken for an imitation firearm was found on the scene. Thus, the testimony in the aforementioned cases that someone saw something that could have been part of a firearm or came in contact with something that felt like a firearm is significantly stronger evidence from which to draw a reasonable inference that the assailant was actually armed with a weapon or imitation weapon than the testimony in this case that the victim saw appellant's hand in his pocket and never thought that it was anything other than appellant's hand. The latter testimony is much less compelling on the question of whether appellant in this case was in possession of a firearm or imitation firearm than the former examples and therefore, the inferences that can be drawn from that evidence to support a circumstantial case are significantly less probative than the inferences that can be drawn from the more compelling evidence presented in the other cases.

*R.S.*, 6 A.3d 854, 858-59 (D.C. 2010). Accordingly, appellant's felony assault conviction must be vacated and a conviction for simple assault imposed. *See id.* at 855 n.1. Further, as the government also concedes, the simple assault conviction merges with the AWIRWA conviction—which we are ordering vacated only to the extent that the "while armed" element of the crime is removed—since the simple assault and AWIR offenses arose out of a single, uninterrupted act of violence. *See Villines v. United States*, 320 A.2d 313, 314 (D.C. 1974).

## IV.

For the foregoing reasons, we remand this case to the trial court with instructions to vacate appellant's AWIRWA conviction and enter a judgment of conviction on that count for AWIR and to vacate appellant's felony assault conviction and enter judgment on the lesser-included offense of simple assault that will merge with the AWIR conviction.

*So ordered*.