**McCALL v. UNITED STATES.**

**No. 10886.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 17, 1951.

Decided June 21, 1951.

David L. Riordan, Washington, D. C., for appellant.

William L. Shea, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty., and Joseph M. Howard and William S. McKinley, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before CLARK, WILBUR K. MILLER, and PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

Appellant was found guilty by a jury of murder in the second degree. While testifying in support of a claim of self-defense, he stated, in response to a question by his attorney, that he had only been arrested once. However, questions on cross-examination disclosed four previous arrests, three for alleged acts of violence. None resulted in a trial. In argument the prosecutor, attacking the truth of defendant's testimony, made reference to the evidence concerning prior arrests, to which defendant's counsel made counter-argument. Although no request was made for any instruction concerning the matter, the court in charging the jury said: "Now, of course, ladies and gentlemen of the jury, the question arose about arrests. Ordinarily that question is not asked, because you cannot ask a man about an arrest. The only way in which the Government can attack or, one of the ways, I should say, in which the Government may attack the credibility of any witness is to inquire about a conviction, so that in this case when the questions about the arrests were asked, the only reason the District Attorney was allowed to cross-examine him on it was because of the answer he gave that he had only been arrested once." Upon completion of the charge no objection was made thereto, nor did counsel request any further instruction upon the point. This incident forms the basis for the only assignment of error.

■ It is argued that the jury should have been instructed explicitly that the evidence as to prior arrests could be considered only for the limited purpose of determining defendant's credibility. We think the instruction of the court did, in effect, convey that meaning. It was not erroneous. If not complete in all details, nevertheless, the subject was one which required no instruction in the absence of a request therefor. It did not involve any essential element of the offense, Williams v. United States, 1942, 76 U.S.App.D.C. 299, 131 F.2d 21, or of the burden or quantum of proof, cf. United States v. Newman, 2 Cir., 1944, 143 F.2d 389. Counsel could not properly expect the court *sua sponte* to instruct the jury upon all arguable points of evidence. Kinard v. United States, 1938, 68 App.D.C. 250, 96 F.2d 522; George v. United States, 1942, 75 U.S. App.D.C. 197, 125 F.2d 559. Moreover, after the charge and before retirement of the jury there was still the opportunity to seek an enlargement or clarification, but this was not done. It is now too late. Villaroman v. United States, 1950, 87 U.S.App.D.C. 240, 184 F.2d 261.

Affirmed.