**Robert WALKER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19962.**

United States Court of Appeals District of Columbia Circuit.

Argued May 27, 1966.

Decided June 9, 1966.

Mr. John Silard, Washington, D. C. (appointed by this court), for appellant.

Mr. Michael R. Sonnenreich, Attorney, Department of Justice, with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before WRIGHT, McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM:

In this appeal from a jury conviction of housebreaking, housebreaking while armed with a weapon, assault with a danger-

ous weapon, and carrying a dangerous weapon, only one reason is advanced for reversal. It is that the trial court abused its discretion—to the point of plain error within the meaning of Rule 52(b), FED.R.CRIM.P.—by permitting the prosecution to bring out on cross-examination of appellant a prior conviction for the last of these offenses.[1]

It may well be true, as appellant argues, that this prior conviction played some part in shaping the jury's conclusions. The question of whether the gun in the case belonged to the complaining witness or to appellant was contested at length in the testimony, and presumably occupied a central place in the jury's view of the whole case. But that this was likely. to happen must have been evident in advance, and yet the defense made no effort, before appellant took the witness stand, to raise with the trial court the question of whether this prior conviction should be kept out in order to assure the availability to the jury of the accused's version of the events in dispute. See Luck v. United States, 121 U.S.App. D.C. 151, 348 F.2d 763 (1965). And even when the prosecutor, with commendable sensitivity to the significance of the matter, interrupted his cross-examination for the purpose of approaching the bench to inform the court and defense counsel that he was about to ask about the prior convictions, no objection of any kind was made. The usual instruction was given to the jury to confine its consideration of the prior convictions to the issue of credibility; and the closing argument of the Government to the jury was devoid of reference to them. Under these circumstances, we are not disposed to characterize as plain error an alleged abuse of a discretion which was never invoked.

Affirmed.

1. A prior conviction of appellant for petty larceny was also elicited at the same time, but appellant has not relied on this specifically as error on which we are asked to ground reversal. He does note that it presents "a serious question," assertedly for the reason that petty lar-

ceny is not a crime "involving dishonesty." We do not need to dissect this contention since the basis on which we dispose of the claim founded upon the other prior conviction applies with equal, if indeed not greater, force to this.