Samuel H. HOOD, Appellant,

v.

UNITED STATES of America, Appellee.

Harry A. JACKSON, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 19650, 19651.

United States Court of Appeals District of Columbia Circuit.

Argued June 10, 1966.

Decided June 30, 1966.

Petition for Rehearing En Banc in No. 19650 Denied Oct. 13, 1966.

Mr. Julian P. Freret, Washington, D. C. (appointed by this court), for appellants.

Mr. Charles A. Mays, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Richard M. Coleman, Asst. U. S. Attys., were on the brief, for appellee.

Before McGOWAN, TAMM and LEVENTHAL, Circuit Judges.

McGOWAN, Circuit Judge.

On these appeals from a jury conviction of robbery, two alleged errors in the course of the trial itself are advanced as requiring reversal.[1] One has to do with the failure of the trial court to direct the Government that it could not use a conviction to impeach appellant Hood. The other derives from the failure to restrict the cross-examination of appellant's alibi witness. We affirm because we do not believe reversal is necessitated by either, or both together.

I

At the close of the Government's case, defense counsel approached the bench to report that appellant Hood had earlier been convicted of a felony in the District Court after being waived from the Juvenile Court. Counsel then requested the court to rule on whether, if Hood took the witness stand, the Government would be permitted to bring out this prior conviction. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). The court ruled that it could come in for impeaching purposes as contemplated in 14 D.C.Code § 305 (Supp. V, 1966). Hood did not testify; and it is now urged

[1]. It is also claimed that a Sixth Amendment right to a speedy trial was denied appellants. This is founded upon the fact that 106 days elapsed between the offense and indictment, and 51 days between indictment and trial. As to the latter, no continuances of any kind were sought by either side, and we do not think that this interval warrants special notice. The earlier delay gives greater concern, particularly since the Government seems at a loss to account for it. There were some unusual circumstances here. As appears later in our opinion, appellants were arrested and charged for another robbery occurring a few minutes before the one involved in this case. When taken before the magistrate, appellants were apparently bound over only upon the first offense. When the grand jury considered it, however, it decided to return indictments for both. The record is silent as to whether there was some special feature of the other charge which justified the long delay. While we do not condone unexplained delays of this order, we have concluded to take no action about this one. Appellants were represented by counsel throughout the period in question, and no complaint was made, either then or at the trial. Further, this delay does not present the unsettling problems with respect to notice and identification which have engaged our attention in certain narcotics cases. See, e. g., Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965). As appears from Part II of this opinion, appellant makes no claim of inability to recall the day in question or his activities at the approximate time. ·

upon us that this circumstance was unduly prejudicial to both Hood and Jackson.

No representation was made to the trial court as to what Hood's testimony would be, or why it was important that, at least in this case, the court's discretion should be exercised to prohibit introduction of the prior conviction. Indeed, the court was not even told the nature of the crime for which Hood had previously been convicted.[2] Defense counsel simply asked for a ruling and referred to *Luck*. On this kind of a record, we are not prepared to find that there has been an abuse by the trial court of the discretion which we have held to be reposed in it. If *Luck* made anything clear, it was that the defense is ill-advised to content itself simply with citing *Luck*. That case establishes only that Congress, in legislating to the effect that prior convictions may be used to impeach, left some room for the play of judicial discretion over the unfolding circumstances of the immediate trial. The alert and experienced trial judge presiding over a criminal case has a grasp of how the interests of justice are best served in the case taking shape before him. He may conclude that the defendant's story should be heard by the jury; and *Luck* gives him some flexibility in this regard. But *Luck* is the beginning of the discretionary process, not its end. And where, as here, the defense treats it as the latter, we are without warrant in the record for setting the trial judge's determination at naught. There was not in this instance what could be regarded as a meaningful invocation of judicial discretion; and we are not disposed in such case to find abuse. Compare Walker v. United States, 124 U.S.App.D.C. ——, 363 F.2d 681, decided June 9, 1966.

## II

The case for the defense of both appellants consisted of one alibi witness who testified that appellants were at his apartment on the evening in question and had left at approximately 7:10 or 7:15. The crime for which appellants were on trial was the armed robbery of a retail store within three blocks of the witness's apartment; and eye witnesses of this robbery had testified that it had happened between 7:00 and 7:30. Accordingly, at this point in the alibi testimony the prosecutor approached the bench to announce that he was going to cross-examine on the circumstances under which appellants had been at the apartment, and that he expected to elicit the fact that they had been engaged in holding up the witness. The defense objected to this line of cross-examination, but the court ruled that the questions could be asked. When asked, the questions got responses to the effect that appellants had robbed the witness at gunpoint and had left running. A police officer subsequently testified that the radio call on this incident had been received at 7:15.

We see no error in the court's handling of this matter. The Government's purpose was to show that the alibi testimony was fully consistent with the possibility that appellants robbed the retail store promptly after they left the witness's apartment and within the time period identified in the prosecution's direct case. That purpose was a wholly proper one in the then state of the record and, if it entailed the elicitation of facts which placed appellants in an unfavorable light, they were still facts which were highly relevant to the prosecution's case. That case had been presented with scrupulous care to avoid any intimation to the jury that appellants had engaged in another armed robbery minutes immediately before the one in issue. When the defense sought to use that very incident for alibi purposes, the Government was free to develop any facts about it which tended to make it unavailing as an alibi. See Fitzpatrick v. United States, 178 U.S. 304, 20 S.Ct. 944, 44 L.Ed. 1078 (1900). The trial court has always a discretion to restrict cross-ex-

---

2. The court's readiness to rule in the absence of even this information suggests that defense counsel was not alone in his insensitivity to the meaning of *Luck*.

amination where it is likely to be more prejudicial than probative, but we do not believe that appellants were in this instance entitled to insist on the exercise of that discretion in their favor.

Affirmed.