**Algie T. STEVENS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19883.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 26, 1966.

Decided Oct. 20, 1966.

Petition for Rehearing En Banc Denied Dec. 1, 1966.

Mr. Robert A. Metry, Louisville, Ky., with whom Mr. William W. Greenhalgh, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. Scott R. Schoenfeld, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and FAHY and TAMM, Circuit Judges.

### JUDGMENT

PER CURIAM.

This case came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this court that the judgment of the District Court appealed from in this case is hereby affirmed.

FAHY, Circuit Judge, dissenting.

Appellant was convicted of robbery (D.C.Code § 22–2901), assault with a dangerous weapon (D.C.Code § 22–502), and mayhem (D.C.Code § 22–506), all growing out of a single incident. His defense was an alibi. The evidence was sufficient to support the jury's verdicts, but it was not without conflict and some uncertainty. The landlady of the house where the crimes were committed, for example, testified appellant was not the man.

Appellant testified in support of his alibi. On cross-examination, without objection by his counsel or restraint by the trial court, the prosecution elicited from appellant that he had been convicted of the following offenses:

Grand larceny, in February 1935;

Larceny, in August 1938;

Grand larceny, in December 1938;

Robbery, in November 1942;

Operating a disorderly house, in October 1959;

Petit larceny, in March 1960;

Petit larceny, January 1961;

Maintaining a gambling premise, in February 1963.

The trial occurred almost five months after the decision in Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763, where this court pointed out the discretion, and considerations bearing thereon, available to the trial court in permitting evidence of prior convictions to be introduced on the issue of credibility under D.C.Code § 14–305 (Supp. V, 1966). We said:

The trial court is not *required* to allow impeachment by prior conviction every time a defendant takes the stand in his own defense. The statute [§ 305], in our view, leaves room for the opera-

4. FED.R.CRIM.P. 52(a).

tion of a sound judicial discretion to play upon the circumstances as they unfold in a particular case. There may well be cases where the trial judge might think that the cause of truth would be helped more by letting the jury hear the defendant's story than by the defendant's foregoing that opportunity because of the fear of prejudice founded upon a prior conviction.[7] There may well be other cases where the trial judge believes the prejudicial effect of impeachment far outweighs the probative relevance of the prior conviction to the issue of credibility. This last is, of course, a standard which trial judges apply every day in other contexts; and we think it has both utility and applicability in this field.[8] [Footnotes omitted.]

No discretion appears to have been exercised at appellant's trial, and it is clear that the evidence of numerous prior convictions had a prejudicial effect which outweighed its probative relevance to appellant's credibility. The failure of trial counsel to rely upon our *Luck* decision to seek at least some limitation upon this type of evidence should not prevent our finding plain error affecting substantial rights in the failure of the court to apply the *Luck* decision. Rule 52(b), Fed.R.Crim.P.

Walker v. United States, 124 U.S.App. D.C. 194, 363 F.2d 681, does not require affirmance, for there the record of only one prior conviction was admitted. Moreover, the absence of objection by defense counsel was not an oversight, for our opinion states:

even when the prosecutor, with commendable sensitivity to the signifi-

cance of the matter, interrupted his cross-examination for the purpose of approaching the bench to inform the court and defense counsel that he was about to ask about the prior convictions, no objection of any kind was made.

And in Hood v. United States, 125 U.S.App.D.C. ——, 365 F.2d 949, the facts are so different as to render the opinion inapposite.

A serious question of fundamental unfairness arises when an evidentiary rule may deter a defendant from testifying in his own behalf or if he does testify subjects him to evidence highly prejudicial on the issue of guilt though inadmissible for that purpose.[1] The present rule permits this on the theory that it helps the jury determine whether or not to believe the defendant. Yet, to test the rule by this case, how does the bare fact that appellant was found guilty of larceny in 1935, when he was in his early twenties, affect his credibility in testifying at his 1965 trial? And if we assume the 1935 conviction to be relevant to his 1965 credibility, does not the effect of that conviction, together with his record of seven other convictions, carry over to the issue of guilt at the 1965 trial, an issue as to which his prior convictions were inadmissible? I think it does. A jury cannot be expected to departmentalize such evidence.

Perhaps the evidence of a prior criminal record should be limited to a conviction which bears clearly on credibility—perjury, for example.[2] The whole subject needs further study in the interest of the integrity of trials for crime.[3] In the meantime the treatment accorded

---

1. I do not refer to those special circumstances in which evidence of like offenses is admissible during the prosecution's case in chief to show a course of conduct.

2. Clawans v. District of Columbia, 61 App. D.C. 298, 299, 62 F.2d 383, 384, broadly states that impeachment by prior conviction is permitted on the theory that the "depraved character of persons who commit crimes involving moral corruption makes them unworthy of trust in testifying." The court then found that viola-

tions of "municipal ordinances, or for that matter misdemeanors, involving no element of inherent wickedness" are not probative of credibility. This suggests there may be other crimes which are not probative of credibility. And see the discussion in footnote 8 of the *Luck* opinion.

3. The thrust of § 305 is to admit the testimony of convicted persons. In Clawans v. District of Columbia, supra, Groner,

the subject by Judge McGowan in *Luck*, when adhered to, mitigates the danger, and, as it seems to me, calls upon the trial court to exercise the discretion there referred to even if counsel is not aware of its applicability.

J., later Chief Justice of our court, pointed out that the common law rule disqualified as a witness a person convicted of certain crimes, and that as statutes abolished this rule they usually contained provisos that the "conviction of a 'crime' shall be competent evidence to affect the credibility of the witness." Thus the present rule in this jurisdiction is a remnant of a discarded rule rather than a rule which as now applied evolved upon its own merits.