Roland **BLAKNEY**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 4160.

District of Columbia Court of Appeals.

Argued Nov. 7, 1966.

Decided Jan. 19, 1967.

John T. Tansey, appointed by this court, Washington, D. C., for appellant.

Charles A. Mays, Asst. U.S. Atty., with whom David G. Bress, U.S. Atty., Frank Q. Nebeker and Scott R. Schoenfeld, Asst. U.S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellant was convicted of the offense of attempted procuring.[1] He raises two points on appeal.

His first contention is that it was error to find him guilty on the uncorroborated testimony of the arresting officer when corroboration was allegedly available. This contention is based on the fact that a second officer observed appellant and the arresting officer from across the street and came to them after the arrest was made. Conceding that the uncorroborated testimony of the arresting officer was sufficient to support the conviction, appellant argues that when corroborating testimony is available, failure to produce it is error. This argument might be sound under certain circumstances, but for two reasons it cannot prevail under the facts of this case.

When the case was called for trial the prosecuting attorney announced that the second officer was in another court and sought a continuance. Appellant's trial counsel (not counsel here on appeal) inquired: "You have one here, don't you?" Upon being told that one officer was present, counsel stated: "That should be

---

1. D.C.Code 1961, §§ 22–103, 22–2707.

enough." It is fair to assume that trial counsel felt the prosecution might be weakened by the absence of the second officer and was willing to proceed to trial in his absence. Having taken that position, it is now too late to say that the testimony of the second officer was an essential part of the prosecution's case.

In the second place, the record makes clear that the second officer did not overhear the conversation between appellant and the arresting officer. He could have corroborated only the time and place which were not in dispute. He could not have testified to the substance of the conversation which was the only disputed issue.

Appellant's other contention is that it was error to allow the prosecution on cross-examination of appellant to show his prior convictions for similar offenses. Appellant relies upon Luck v. United States, 121 U.S. App.D.C. 151, 156, 348 F.2d 763, 768 (1965), which held that under out statute[2] permitting the introduction of prior convictions to affect credibility of a witness, the trial court has a discretion in admitting or rejecting proof of prior convictions. In *Luck* it was said:

> The trial court is not *required* to allow impeachment by prior conviction every time a defendant takes the stand in his own defense. The statute, in our view, leaves room for the operation of a sound judicial discretion to play upon the circumstances as they unfold in a particular case.

Under decisions following *Luck* it seems clear that unless defense counsel seeks to invoke the trial court's discretion in rejecting evidence of prior convictions, there can be no abuse of discretion in admitting such evidence. See Walker v. United States, D.C.Cir., 363 F.2d 681 (1966);

Hood v. United States, D.C.Cir., 365 F.2d 949 (1966); Stevens v. United States, D.C.Cir., 370 F.2d 485, (October 20, 1966); Covington v. United States, D.C.Cir., 370 F.2d 246 (December 1, 1966). In the present case the evidence of prior convictions was received without objection or protest from defense counsel, and consequently it cannot be said there was an abuse of discretion in its admission.

In conclusion we note that the present case was tried by the court without a jury. *Luck* and the other cases we have cited were jury cases. In *Luck* reference is frequently made to the jury and the value of having the jury hear the defendant's case. The same is true of the cases following *Luck*. See, for example, Judge Fahy's statement in his dissent in *Stevens* that: "A jury cannot be expected to departmentalize such evidence." This at least raises the question whether *Luck* has any applicability to a nonjury case. If it does, its application will present some problems. In order to determine the admissibility of the prior convictions under *Luck* guidelines, the judge must be informed of them and weigh their effect preliminary to admitting or rejecting them. By this preliminary consideration, the judge becomes fully informed of the prior convictions and the nature of them. The judge, as trier of the facts, is thus as fully informed of the prior convictions as if such convictions were received in evidence. How then should he proceed? As a judge is presumably able to separate or "departmentalize" evidence admitted for a limited purpose, it may be that *Luck* has no application in the case before us. Assuming, however, the applicability of *Luck,* there was no error because of no objection and no request of the trial court to exercise its discretion.

Affirmed.

2. D.C.Code 1961, § 14-305 (Supp. V, 1966).