**Thomas M. HARLEY, Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 20285.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 16, 1967.

Decided April 13, 1967.

Mr. Austin F. Canfield, Jr., Washington, D. C. (appointed by this court), for appellant.

Mr. Geoffrey M. Alprin, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BURGER, LEVENTHAL and ROBINSON, Circuit Judges.

---

PER CURIAM:

Appellant seeks review of conviction after jury trial on two counts for assault with a dangerous weapon, D.C.CODE § 22–502 (1961), and carrying a dangerous weapon, D.C.CODE § 22–3204 (1961). Concurrent sentences were imposed. Appellant urges as error the ruling of the District Court that he could not rely on the doctrine of irresistible impulse except within the framework and as part of a claim of mental disease or disorder. Smith v. United States, 59 App.D.C. 144, 36 F.2d 548, 70 A.L.R. 654 (1929). Appellant sought to show by way of defense that his son had been molested one month before the charged assault.

 In addition, he offered to show that the complaining witness had molested his minor daughter just before the assault. The District Court permitted him to show the sequence of events beginning with the claimed provocation arising from molestation of the daughter minutes before Appellant assaulted the complaining witness but declined to allow evidence on the alleged episode one month earlier concerning his son. Appellant's counsel presented the issue in terms of irresistible impulse rather than provocation and in our view the District Judge did not exceed his discretion in concluding, as apparently he did, that the impact of the events of a month earlier was too attenuated to warrant their being received in evidence.

On appeal a claim is made that the District Court erroneously ruled that prior convictions of Appellant would be admissible if he testified. However, the record shows that this discussion arose in the context of a colloquy after Appellant informed the Court he did not wish to testify and at no time was the Court requested to exercise discretion under Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965).

We have examined other contentions raised and in our view there is no basis for disturbing the judgment under review.

Affirmed.