**Andrew B. JACKSON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 4184.

District of Columbia Court of Appeals.

Argued May 15, 1967.

Decided Aug. 10, 1967.

Carl P. Fogel, with whom Samuel H. Suls, Washington, D.C., was on the brief, for appellant.

Henry F. Field, Asst. U.S. Atty., with whom David G. Bress, U.S. Atty., Frank Q. Nebeker and Henry Berliner, Asst. U.S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

HOOD, Chief Judge:

Appellant was convicted by a jury of negligent homicide.[1] He raises several points on this appeal, but we consider only one as requiring consideration.

Near the close of cross-examination of appellant, Mr. Berliner, the prosecuting attorney, at a bench conference, indicated his desire to question appellant regarding his criminal record consisting of two house-breakings and one burglary. The following then occurred:

The Court: I will put it in but I want to say for the record that I disagree with the Court of Appeals on this; I think the defendant's record should not be admitted. The credibility of his testimony and prejudicial harm outweighs the benefit it may be in testing credibilities.

Mr. Berliner: Your Honor, the witness can be impeached.

The Court: The Jury isn't passing any judgment on them except for their credibility.

Mr. Berliner: I make my profer on the three felonies within the last five years.

The Court: Against my better judgment I am going to let him put it in.

Over defense counsel's objection appellant was then cross-examined with respect to prior convictions.

After the record was filed in this court, the case was remanded at the request of the Government for clarification of the record. A supplemental record was then filed here consisting of the following memorandum by the trial judge:

In the bench conference referred to in appellee's "Motion to Remand for Clarification of the Record" I meant that I believe evidence of the criminal record of defendants should be excluded in all cases. I have always felt that the prejudicial effect of such evidence outweighed its probative value on the credibility of the witness.

1. D.C.Code 1961, § 40–606.

Nevertheless, in this case I believed that under the criterion of Luck v. United States, 121 U.S.App.D.C. 151 [348 F.2d 763] I was obliged to admit the criminal record. I agreed with counsel for the defense that under the circumstances of this case he was obliged to put the defendant on the stand. However, inasmuch as the criminal record did not consist of convictions for the same offense, I did not feel its prejudicial effect would outweigh its probative value. I believed it did show a criminal disposition* and it had sufficient probative value on his credibility to make it admissible. See also Brown v. United States [125 U.S.App.D.C. 220, 370 F.2d 485] No. 20,041, Decided November 10, 1966.

It will be observed that the trial judge at the bench conference stated he thought the record should not be admitted and that he was admitting it against his better judgment, and in his memorandum the judge stated that under Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965), he was obliged to admit the record.

We think the trial court misconstrued *Luck*. Although, as is evidenced by the decisions following *Luck*, there exists some doubt as to the full import of *Luck* and its application to varying situations,[2] we find nothing in *Luck* or the decisions following it that in any instance obligates a trial judge to admit a criminal record against his better judgment. *Luck* specifically accords to the trial judge a sound discretion in admitting or rejecting a criminal record. It appears that the trial judge failed to exercise his discretion and there must be a new trial.

Reversed with instructions to grant a new trial.

---

* We are puzzled by the reference to "criminal disposition." The record was offered only on the question of appellant's credibility.

2. Walker v. United States, 124 U.S.App. D.C. 194, 363 F.2d 681 (1966), cert. denied, 386 U.S. 922, 87 S.Ct. 922, 17 L.

Ed.2d 794 (1967); Hood v. United States, 125 U.S.App.D.C. 16, 365 F.2d 949 (1966); Brown v. United States, 125 U.S.App.D.C. 220, 370 F.2d 242 (1966); Stevens v. United States, 125 U.S.App. D.C. 239, 370 F.2d 485 (1966); Lewis v. United States, D.C.Cir., 381 F.2d 894 (decided June 29, 1967).