James B. CONYERS, Appellant,

v.

UNITED STATES, Appellee.

No. 4491.

District of Columbia Court of Appeals.

Argued Dec. 4, 1967.

Decided Feb. 7, 1968.

John J. Donnelly, Washington, D. C. (appointed by this court) for appellant.

Lawrence D. Knippa, Special Atty. to the United States Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and James E. Kelley, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Judges.

MYERS, Associate Judge:

A loaded pistol was found in appellant's pocket during a search of his person, and he was thereafter tried and convicted of carrying a deadly weapon.[1]

Contending that the search and seizure were not made pursuant to a lawful arrest, appellant made a pretrial motion to suppress the pistol. After hearing, the court denied the motion.[2] Appellant argues before us that denial of his motion to suppress was erroneous and that, without the pistol, there would have been insufficient evidence to sustain his conviction.

At the conclusion of the hearing on the pretrial motion, the trial judge announced that he made the following findings of fact: that two policemen, patrolling the streets in a marked police car, passed an automobile that was parked in front of a grocery store and saw two men crouching down inside the automobile, as if to avoid notice; that this aroused the officers' suspicions and they noted the numbers on the license tags, which subsequent investigation revealed to be registered to a different make automobile; that, while continuing their patrol, the officers again sighted the same vehicle and stopped it to investigate the apparent traffic violation in the improper use of license plates; that they spoke to the driver of the car, one Thomas M. Harley, but not to appellant, who was a passenger in the front seat; that Harley displayed a valid operator's permit but was unable to produce proper registration for the automobile; that the officers then asked Harley to follow them to a nearby police precinct where Harley's exculpatory explanation for his inability to exhibit proper registration could be verified; that although neither officer asked him to do so, appellant rode with Harley to the precinct; that upon arrival there, one officer parked the police car behind the stationhouse while the other officer directed Harley to go inside; that again, without being requested to do so, appellant accompanied Harley into the precinct; that inside the precinct appellant sat down in a chair and his coat caught on the handle of a pistol protruding from the back pocket of his pants; and that the officer, upon seeing the pistol, then placed appellant under arrest, searched him, and removed a loaded .38 caliber revolver from his pocket. These facts have ample support in the record.

The trial judge further found that appellant did not believe himself under arrest when he voluntarily accompanied Harley into the police station and seated himself in the chair. Appellant's subjective belief, however, although a factor to be considered, is not dispositive of the arrest question, and the trial judge therefore weighed the conduct of appellant in the light of all the surrounding circum-

1. D.C.Code § 22–3204 (1967).

2. At trial appellant renewed his motion, which was again denied.

**840**

stances and concluded therefrom that the officers did nothing to induce "a reasonable man, innocent of any crime," to consider himself under arrest. Hicks v. United States, D.C.Cir., 382 F.2d 158, 161 (1967), citing United States v. McKethan, 247 F.Supp. 324, 328 (D.D.C.1965) (Youngdahl, J.), aff'd by order, No. 20,059 (D.C. Cir., Oct. 6, 1966). Until the accidental revelation of the pistol in the police officer's presence supplied sufficient ground for a lawful arrest, appellant was under no restraint of any kind. The subsequent arrest was lawful, pursuant to which the accompanying search was valid. The motion to suppress the fruits of that search was therefore properly denied.

■ At the hearing on the motion, appellant testified in his own behalf and the prosecutor attempted to impeach his credibility by introducing evidence of appellant's prior convictions. Although appellant did not object below, he now argues that admission of evidence of prior convictions was an abuse of the discretion vested in the trial judge, citing Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). It is now well established that "unless defense counsel seeks to invoke the trial court's discretion in rejecting evidence of prior convictions, there can be no abuse of discretion in admitting such evidence." Blakney v. United States, D.C.App., 225 A.2d 654, 655 (1967).[3] Absent plain error, which we do not find here, there can be no abuse of discretion by the trial judge where there has been no meaningful invocation of that discretion. Gordon v. United States, D.C.Cir., 383 F.2d 936 (Decided September 18, 1967) ;

Hood v. United States, 125 U.S.App.D.C. 16, 365 F.2d 949 (1966). Appellant's failure to invoke the court's discretion below is thus fatal to his argument at the appellate level.

■ Appellant also argues that because only one of the two policemen involved in the events leading up to this prosecution testified below, the missing witness rule dictates reversal of his conviction. "The time-honored statement of the applicable rule permits comment on missing witnesses 'if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction.' " Pennewell v. United States, 122 U.S.App.D.C. 332, 333, 353 F.2d 870, 871 (1965). In the instant case the record reveals that the officer who did not testify was no longer a member of the police force at the time of the trial. It is thus not shown that it was peculiarly within the prosecution's power to produce the missing witness. The corollary proposition that no presumption arises from the failure of one party to call a witness if that witness is equally available to both parties is well established in this jurisdiction. Pennewell v. United States, supra. The missing witness rule is thus not applicable in the instant case. In any event, no prejudice to appellant has been disclosed by the Government's omission to call the former officer as a witness at trial.

Having considered appellant's other contentions of error, we find them to be without merit.

Affirmed

3. For the reasons discussed in Blakney, we entertain serious doubt whether the Luck doctrine is at all applicable to non-jury proceedings. We need not, however, reach that question in the instant case.