**Edward D. COBB, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 4368, 4369.

District of Columbia Court of Appeals.

Submitted Sept. 16, 1968.

Decided Oct. 24, 1968.

James Mitchell Jones, Washington, D. C., for appellant.

David G. Bress, U. S. Atty., Frank Q. Nebeker, David C. Woll and James R. Phelps, Asst. U. S. Attys., for appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

HOOD, Chief Judge:

Appellant and a female companion were passengers in a taxicab. The driver of the cab, upon seeing two police officers, pulled the cab to the curb and requested that the officers remove appellant from the cab because he had observed a gun in appellant's possession. After searching appellant, one of the officers asked appellant's companion to show him her purse. She opened the purse and the officer saw the gun. However, appellant attempted to prevent the seizure of the gun claiming that the officers had to have a warrant. During the ensuing struggle with appellant over the purse, one officer was bitten on the arm, and the other officer sprained a finger.

■ Appellant was convicted of two counts of simple assault. Our review of the record satisfies us that there was sufficient evidence for the jury to find appellant guilty of each offense.

■ Appellant claims that the lower court erred in allowing the prosecution to impeach appellant's credibility by asking appellant about his 1958 conviction for violation of the Marihuana Tax Act. However, the question of whether the conviction was too stale to be admissible must initially

be raised before the trial court, and defense counsel's failure in the present case to invoke the trial court's discretion bars appellate review of this claim of error. Conyers v. United States, D.C.App., 237 A.2d 838 (1968).

■ The final argument made by appellant is that the trial court erred in charging the jury. We note at the outset that defense counsel failed to raise any objection to the instructions given by the trial court as required by Criminal Rule 18 of the court below. It is a well recognized rule that, absent plain error, an appellate court will not consider a claim of error based on the trial court's instructions to the jury where defense counsel has failed to make a proper request or exception.[1]

■ Appellant argues that the trial court committed reversible error in failing to instruct the jury that proof of a prior conviction could only be considered as affecting appellant's credibility. However, an instruction regarding prior offense testimony is not required in the absence of a request. McCall v. United States, 89 U.S.App.D.C. 153, 191 F.2d 470 (1951); Nutt v. United States, 335 F.2d 817 (10th Cir. 1964), cert. denied, 379 U.S. 909, 85 S.Ct. 203, 13 L.Ed.2d 180. Appellant also argues that the court's instruction on self-defense invaded the province of the jury and eliminated any true consideration of this defense. In light of the evidence adduced at trial, and the charge on self-defense in its entirety, the instruction given by the lower court is consistent with the evidence and does not given the impression that appellant was required by law to submit to an assault by a police officer. We find no plain error clearly prejudicial to appellant.[2]

Affirmed.

1. Ginyard v. United States, D.C.App., 232 A.2d 590 (1967). See also 4 Barron and Holtzoff, Federal Practice and Procedure § 2235.

2. Bunter v. United States, D.C.App., 245 A.2d 839 (decided September 23, 1968).