**Edward D. COBB, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 4368, 4369.**

District of Columbia Court of Appeals.

April 25, 1969.

---

James Mitchell Jones, Washington, D. C., for appellant.

David G. Bress, U. S. Atty., Frank Q. Nebeker, David C. Woll and James R. Phelps, Asst. U. S. Attys., for appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

## MEMORANDUM OPINION

PER CURIAM:

In this case we affirmed two convictions for simple assault. Cobb v. United States, D.C.App., 246 A.2d 777 (1968). The United States Court of Appeals by order of March 25, 1969 granted a petition for the allowance of an appeal and remanded the case to this court for further proceedings in light of the opinion accompanying the order.

At trial, which occurred in 1967, the trial court permitted the Government to bring out on cross-examination of appellant the fact that in 1958 he had been convicted for violation of the Marihuana Tax Act. Both before and at completion of its charge to the jury, the court gave appellant's counsel ample opportunity to request specific instructions. At the conclusion of the instructions, appellant's counsel requested instructions on intent and self-defense. The court complied with these requests.

The trial court did not instruct the jury with respect to the limited purpose for which the prior conviction had been admitted in evidence. Appellant's counsel did not call this omission to the court's attention and at no time requested instruction on the subject. The point was raised for the first time on appeal. In our original opinion we ruled that an instruction regarding prior offense testimony is not required in the absence of a request, citing as one authority for this ruling the case of McCall v. United States, 89 U.S.App.D.C. 153, 191 F.2d 470 (1951).

We are now instructed to review our ruling in the light of Weaver v. United States, D.C.Cir., 408 F.2d 1269, and "consider whether the trial judge's failure to give the limiting instruction was harmless error." We assume that the effect of this remand is that the trial court committed error and our only function is to determine whether it was harmless error.

We hold the error was harmless. From our reading of the record we are convinced that appellant's conviction of a marihuana violation eight or nine years prior to trial was not considered by the jury as tending in any way to prove appellant's guilt of the assault charges. Appellant's experienced trial counsel may well have considered the prior conviction to be of so little importance on the outcome of the case that he did not bother to ask for a limiting instruction.[1]

Accordingly, we reaffirm the judgments of conviction.

---

1. We prefer to assume this was counsel's attitude, rather than to assume that counsel may have deliberately failed to call the matter to the trial court's attention in the hope of creating reversible error in the event his client was found guilty.