William O. SMITH, Appellant,

v.

UNITED STATES, Appellee.

No. 4949.

District of Columbia Court of Appeals.

Argued June 10, 1969.

Decided Oct. 3, 1969.

Robert S. Hall, Jr., Washington, D. C., for appellant.

Donald T. Bucklin, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., Roger E. Zuckerman and Gene S. Anderson, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and GAL-LAGHER, Associate Judges.

KERN, Associate Judge.

Appellant was convicted of attempted petit larceny after a trial by jury and sentenced to nine months imprisonment. He attacks his conviction on the ground, among others, that the trial court erred under Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965) in admitting into evidence for impeachment purposes his three prior petit larceny convictions.

The case turned wholly on the credibility of the witnesses. The Government presented as witnesses a salesman and a detective from a downtown store who testified that appellant "palmed" a ring he had asked to be shown and attempted to leave the store without paying for it. Appellant's story was that he was accosted by store personnel while innocently shopping and that he had no intention of stealing the ring.

When appellant took the stand the prosecutor requested at the bench leave to impeach him with two of his three prior convictions which had occurred in 1967. Appellant's counsel objected on the ground that "bringing out prior convictions is prejudicial to any defendant". The trial court ruled that the Government could use all three prior convictions.[1]

\* \* \* \* \*

So, my opinion on this is *there is absolutely nothing that I can do to relieve you from the impact of the statute,* [D.C.Code 1967, § 14–305] because if there is any crime in this world that tends to show a lack of moral fiber or a lack of character that would impose upon a man of stature the obligation to speak the truth, the crime of larceny is a crime that above all others, it seems to me, demonstrates an inher-

---

1. The trial court's statement accompanying its ruling is quoted below in pertinent part.
   [I] agree with you \* \* \*
   \* \* \* *If this man takes the stand and he is questioned about two prior larceny convictions, I think you can kiss him goodbye.*
   \* \* \* But Congress has said the government may introduce a prior conviction for purpose of impeaching credibility. You just have to take your chances.

*Luck,* as amplified by Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967), limits the Government's use of a defendant's prior convictions under Section 14-305 when they are for crimes similar to that upon which he is standing trial, even though they relate to his veracity.[2] In the instant case, the trial court with commendable acuity recognized that appellant's defense against the charge of attempted petit larceny would be severely prejudiced before the jury if the prosecutor were permitted to show that on three prior occasions he had been convicted of petit larceny. However, the court failed to recognize that it had the power to ameliorate this prejudice and erroneously concluded that the statute *required* it to admit all appellant's prior convictions *without limit* because they were relevant to his veracity.[3] Under these circumstance we see no alternative but to reverse the judgment and remand the case for a new trial at which time the court will have an opportunity to limit the Government's impeachment in accordance with the requirement of *Luck* and *Gordon.* *See* Jackson v. United States, D.C.App., 232 A.2d 576 (1967).

Reversed and remanded for a new trial.

ent unreliable veracity. *Thieves are liars, and liars are thieves * * **
You have to make the decision. *I am not going to try to write the statute off the books.* My exercise of discretion is if there is any validity at all in this statute, any justification of *this* statute, this is a case in which this statute may be used. I am going to hold that he may ask about *any larceny convictions* that this man has. (Emphasis supplied.)

2. The United States Court of Appeals said in *Gordon:*
* * * As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a

single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity. [127 U.S. App.D.C. at 347, 383 F.2d at 940.]

3. The Government earnestly argues to us that the fact that the trial court *said* it was exercising its discretion when it ruled that appellant's prior convictions could be used is sufficient to meet the *Luck-Gordon requirement.* We think a reading of the trial court's entire statement indicates clearly that its ruling was based on its conclusion that the prior convictions related to appellant's veracity and that it did not even consider the additional requirement that the admission of prior convictions for crimes similar to that for which he was on trial must be limited.