**UNITED STATES of America**

v.

**Samuel WILLIAMS, Appellant.**

**Nos. 23093, 23098.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 3, 1970.

Mr. J. Gordon Forester, Jr., Washington, D. C. (appointed by this court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and John R. Dugan, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, and McGOWAN and TAMM, Circuit Judges, in Chambers.

PER CURIAM:

These appeals are from jury convictions of passing and uttering counterfeited obligations of the United States (18 U.S.C. § 472), and for intimidating a government witness (18 U.S.C. § 1503). The three issues raised by appellant on appeal all relate to matters to which no objection was taken in the trial court.

 Appellant first argues that the trial judge abused his discretion by failing to exclude prior convictions of wit-

nesses who testified for appellant. *See* Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). In Davis v. United States, 133 U.S.App.D.C. 167, 409 F.2d 453 (1969), this court held that the *Luck* doctrine applies to impeachment by prior convictions of all witnesses, not just the accused. However, unless the trial judge's discretion in this regard is properly invoked in the first instance with respect to an accused testifying in his own defense, it cannot normally be held on appeal to have been abused. *See, e. g.*, Evans v. United States, 130 U.S. App.D.C. 114, 397 F.2d 675 (1968), cert. denied, 394 U.S. 907, 89 S.Ct. 1016, 22 L.Ed.2d 218 (1969); Harley v. United States, 126 U.S.App.D.C. 287, 377 F.2d 172 (1967); Hood v. United States, 125 U.S.App.D.C. 16, 365 F.2d 949 (1966). The same principle is *a fortiori* applicable to defense witnesses other than the accused.[1]

■ Appellant's second contention focuses upon the trial judge's explanatory remarks prefatory to his instruction to the jury with respect to the impeachment of defense witnesses. The trial judge stated that a counsel vouches for the credibility of the witnesses he produces. Appellant charges that these remarks put the credibility of the defense counsel in issue. This appears to be a strained construction of what was said; and we note that trial counsel himself saw no occasion to object. Under the circumstances, we find no basis for reversal in this incident.

■ Finally, appellant contends that he was fatally prejudiced by the allegedly improper cross-examination by the prosecutor of certain character witnesses offered by appellant. Questions were asked as to the witnesses' knowledge of previous arrests of appellant for robbery, possession of a prohibited weapon, and housebreaking. There is considerable latitude to ask character witnesses about the state of their knowledge of defendant's background and experience as

they bear upon his reputation for honesty and integrity. *See* Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1958); *Cf.* United States v. Wooden, 137 U.S.App.D.C. 1, 420 F.2d 251 (1969). Whether the government's cross-examination in this instance was within the permissible bounds need not be definitely resolved by us since there was no objection to the questions asked. Of this point, as of the others discussed above, it is true in any event that the error, if any, was harmless when considered by reference to the entire record. *See* Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

Affirmed.

BAZELON, Chief Judge (concurring in the result):

I concur in the result solely on the ground that even if appellant's assertions of error are meritorious, the errors, as the majority recognizes, are "harmless when considered by reference to the entire record."

---

1. Appellant has also belatedly challenged in this court the constitutionality of 14 D.C.Code § 305. The issue is untimely; and *see* Bailey v. United States, 138 U.S. App.D.C. 242, 426 F.2d 1236 (1970).