UNITED STATES of America

v.

Emmett THOMAS, Appellant.

No. 24615.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 23, 1971.

Decided Nov. 5, 1971.

Mr. David H. N. Bean, Arlington, Va. (appointed by this court) for appellant.

Mr. Robert E. Lindsay, Atty., Department of Justice, with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before TAMM and ROBB, Circuit Judges, and ADAMS,* Circuit Judge, United States Court of Appeals for the Third Circuit.

* Sitting by designation pursuant to 28 U.S.C. § 291(a) (1964).

**1374**

TAMM, Circuit Judge:

The appellant was convicted of two counts of uttering a forged instrument, in violation of D.C. Code § 22–1401 (1967), and was sentenced to a term of imprisonment of one to three years. Two other counts of forgery were dismissed by the Government at trial. Appellant now brings this appeal charging numerous grounds of error. After full and careful consideration of the transcript, briefs and arguments we conclude that only one of these grounds merits discussion and finding no error we affirm the conviction.

The sole question with which we concern ourselves is whether the trial court committed error by admitting evidence of a conviction for larceny for the purposes of impeachment, when, in fact, appellant was never so convicted. At the trial the following colloquy took place between the court and Government counsel:

> [Government Counsel]: May I address the Court with respect to two preliminary matters? The defendant was convicted in 1967 for destruction of property, unauthorized use and petty larceny. I would assume the Court would allow us to use petty larceny under *Luck*?
>
> THE COURT: You may.
>
> [Defense Counsel]: I would like to object for the record.

(Tr. 3, emphasis added.) The only other reference to the petty larceny conviction came during cross-examination of the appellant by the Government attorney.

> Q. You are the same Emmett Thomas, aren't you, who was convicted in 1967 for petty larceny?
>
> A. Yes.

(Tr. 46.)

Counsel for appellant has now objected, for the first time, that it was error for the trial court to admit this evidence since in fact appellant had never been convicted of petty larceny. The record discloses that appellant was charged with unauthorized use of an automobile and petty larceny in 1967 but that the latter charge was *nolle prossed.* At the trial for unauthorized use the defendant pleaded guilty and was sentenced to a term of 365 days and also sentenced to a term of 60 days for destruction of property. However, at trial when asked about a petty larceny conviction the defendant, with counsel present, admitted that he had been convicted of the offense. This is not the case of an innocent defendant with no criminal record, but rather the case of a man charged with two crimes and convicted of one who has mistaken the identity of the crime of which he was convicted.

■ Appellant contends that the admission of this conviction is plain error and seeks to reverse the trial court based on the teachings of Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). We find it impossible to do so. As we said in *Luck* the admission of the defendant's prior criminal convictions is largely a matter of discretion vested in the trial judge.

> The goal of a criminal trial is the disposition of the charge in accordance with the truth. The possibility of a rehearsal of the defendant's criminal record in a given case, especially if it means that the jury will be left without one version of the truth, may or may not contribute to that objective. The experienced trial judge has a sensitivity in this regard which normally can be relied upon to strike a reasonable balance between the interests of the defendant and of the public.

*Id.* at 157, 348 F.2d at 769. In the case at bar the Government sought to impeach appellant by offering a single conviction and the trial judge allowed its admission. This was soundly within the exercise of his judicial discretion. When the question of the petty larceny conviction was put to the defendant his counsel failed to interpose any objection and the defendant failed to deny any such conviction. It is clear to this court that defendant and his counsel were in a

far better position to determine the accuracy of appellant's prior criminal record than any other party to this proceeding.

■ This court has clearly stated that in the absence of plain error we will find no abuse of discretion unless there has been a meaningful invocation of that discretion by trial counsel. *See* Hood v. United States, 125 U.S.App.D.C. 16, 365 F.2d 949 (1966). In Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968), we went to great lengths to explain our *Luck* decision.

> The test of *Luck,* however, is that to bar * * * [prior convictions] as impeachment the court must find that the prejudice must "far outweigh" the probative relevance to credibility, or that even if relevant the "cause of truth would be helped more by letting the jury hear the defendant's story than by the defendant's foregoing that opportunity because of the fear of prejudice founded upon a prior conviction."

> The burden of persuasion in this regard is on the accused; and, once the issue is raised, the District Court should make an inquiry, allowing the accused an opportunity to show why judicial discretion should be exercised in favor of exclusion of the criminal record.

(Footnotes omitted) *Id.* at 346–347, 383 F.2d at 939–940.

■ Appellant asks this court to reverse the conviction of the trial court because the district judge failed to hold a *Gordon*-type hearing *sua sponte.* This would have required putting the defendant on the stand without the jury being present, and then holding a hearing to elicit defendant's testimony and the proposed cross-examination prior to giving a *Luck* ruling. *Id.* at 347, 383 F.2d at 941. Nothing in our *Gordon* decision either requires or suggests that the trial judge take such action *sua sponte.* Appellant's counsel at trial did not request a *Gordon*-type hearing or even impose meaningful objection to the choice of the petty larceny conviction for impeachment purposes. Absent plain error under Rule 52(b), Fed.R.Crim.P. there is no burden on the trial judge to notice errors or defects unless they are brought to his attention.

■ In this appeal we find no error. While we recognize that it is normally improper to impeach a defendant by offering evidence as to a crime he did not commit there was ample opportunity for the defendant or his counsel to avoid any possible prejudice by simply denying the conviction. Considering the totality of the record, however, we find no prejudice. The only mention of the petty larceny conviction to the jury was a single question on cross-examination. The prosecutor did not repeat the question or answer at any time nor did he mention it in his closing argument. Thus we are hard pressed to find any error, and certainly find no instance of plain error which would require reversal.

Affirmed.