UNITED STATES

v.

Richard W. PERRY, 418 80 5149, Seaman (E–3), U.S. Navy.

NMCM 81 1256.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 14 Nov. 1980.

Decided 12 Feb. 1982.

LT Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

MAJ Charles Wm. Dorman, USMC, Appellate Government Counsel.

Before CEDARBURG, GORMLEY and MAY, JJ.

GORMLEY, Judge:

The accused, contrary to his pleas before a general court-martial, consisting of officer and enlisted members, was found guilty of one specification of rape in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920. He was sentenced to be confined at hard labor for 10 years, to forfeit all pay and allowances, to be reduced to pay grade E–1, and to be discharged from the Navy with a dishonorable discharge. The convening authority approved the finding and sentence.

Appellant asserts seven assignments of error which will be discussed seriatim.

## I

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY FAILING TO *SUA SPONTE* INSTRUCT ON THE DEFENSE OF MISTAKE OF FACT.

■ The crucial issue in this case is the question of consent by the victim to sexual intercourse. Testimony of the victim and the alleged assailant is in direct conflict on the issue of consent. Basically what the appellant did was to testify as to his version of the incident, that the victim was the initiator of the sexual intercourse and therefore had to consent to it. The victim testified that she asked the appellant to leave her BEQ room, that he got up and slammed the door, that she screamed twice, and that the appellant covered her nose and mouth with his hand, cutting off her air supply. She further testified that appellant pushed her across the room and onto the bed, while she struggled with all her power to get free. She also attempted to prevent the removal of her panty hose. The victim indicated that she was crying during the ordeal, protesting to the appellant that he was hurting her and making her hate him. The appellant's recitation of the events that allegedly transpired is diametrically opposed to the victim's averments. He testified that the victim was the sexual agressor, inviting him to her room, removing her skirt, and pulling him unto her bed where she commenced kissing him and fondling his penis. His testimony further indicated that she pulled the appellant on top of her and pulled his pants down, removing her own panty hose. Appellant additionally contends the victim never asked him to leave, that she never screamed, and that he did not cover her nose and mouth, and did not throw her on the bed. This version of the facts, if believed, would paint the victim to be the consummate sexual seductress. On the basis of his testimony, the appellant contends he was entitled to his requested instruction on mistake of fact—the fact being his reasonable belief as to the victim's consent. The military judge declined to so instruct. This ruling was correct. *United States v. Jones*, 10 U.S.C.M.A. 122, 27 C.M.R. 196 (1959). The testimony of the appellant raised the factual issue of consent. The military judge gave a full instruction on force and lack of consent, which placed the burden on the Government to prove lack of consent. As this Court noted in *United States v. Barnett*, No. 80 2277 (N.M.C.M.R. 6 July 1981), this instruction in no way is prejudicial, but, quite the contrary, is advantageous to the appellant in that he does not have to meet the burden of showing his mistake to be both honest and reasonable.

## II

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY FAILING TO TAILOR INSTRUCTIONS ON CONSENT TO THE EVIDENCE.

■ Although the military judge did not specifically allude to the evidence in his instructions, the instructions adequately covered consent and gave the court proper guidance. There is no requirement in the law that every evidentiary factor be the subject of an instruction. *United States v. Speer*, 2 M.J. 1244 (A.F.C.M.R.1976). Considering the instructional context as a whole, the issue of consent was left to the final determination of the triers of fact.

## III

THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ADMITTING, OVER DEFENSE OBJECTION, EVIDENCE OF A PRIOR CONVICTION FOR ATTEMPTED RAPE TO IMPEACH APPELLANT.

■ This is without merit. The Government's questioning of the appellant concerning his prior conviction for attempted rape was consistent with MIL.R.EVID., Rule 609(a)(1). The military judge specifi-

cally found "the value on credibility outweighs the potential prejudice to the accused." This determination was within the sound discretion of the trial judge and should not be overturned absent an abuse of discretion. Such abuse did not exist in the instant case. The Government counsel presented the facts and argued the law, with the appellant then given an opportunity to show how he would be prejudiced by the admission of the prior conviction. It is considered that the finding of the military judge was based on a careful consideration of those factors necessary to a determination of the issue whether the probative value of the prior conviction outweighed its potential prejudicial impact. The determination of the issue of whether probative value outweighs prejudice is within the sound discretion of the trial judge, *United States v. Thomas*, 452 F.2d 1373 (D.C.Cir. 1971), and should not be overturned absent an abuse of discretion. *United States v. Field*, 625 F.2d 862 (9th Cir. 1980); *United States v. Preston*, 608 F.2d 626 (5th Cir. 1979).

## IV

## FAILURE OF THE RECORD TO CONTAIN SIDEBAR CONFERENCE REGARDING INSTRUCTIONS ON FINDINGS RENDERS THE RECORD OF TRIAL NONVERBATIM.

██ This assignment is without merit. There was not a sidebar conference in the case *sub judice*. Instead, what took place was an out-of-court discussion during a recess with counsel for both sides and the accused present. While such discussions off the record should be scrupulously avoided, in this case the record was not rendered nonverbatim by the discussion. *United States v. Svan*, 10 M.J. 784, 787 (A.F.C.M.R. 1981). Furthermore, unless an accused challenges out-of-court proceedings, occurring during a recess, the right to challenge them on appeal is waived. *United States v. Walters*, 4 U.S.C.M.A. 617, 16 C.M.R. 191 (1954).

██

## V

## THE TRIAL COUNSEL'S ARGUMENT ON SENTENCE CONSTITUTED PREJUDICIAL ERROR.

██ This is without merit. Appellant complains that the argument of trial counsel on sentencing constituted prejudicial error because: (1) counsel asked the members to place themselves in the position of the victim, and (2) because he argued facts not in evidence. No objection to trial counsel's comments was made by trial defense counsel, either during or after argument on sentencing. "The absence of objection tends to indicate that the defense did not regard the prosecutor's argument as egregiously improper and is persuasive inducement to an appellate court to evaluate the prosecutor's argument in the same light as the defense probably considered it at trial." *United States v. Wood*, 18 U.S.C.M.A. 291, 293, 40 C.M.R. 3, 5 (1969). Furthermore, taking trial counsel's argument *in toto*, it is obvious that he did not argue retribution to the exclusion of other factors.

## VI

## THE STAFF JUDGE ADVOCATE'S REMARKS ON SENTENCE APPROPRIATENESS MAY HAVE CAUSED CONVENING AUTHORITY TO IMPEACH HIS ACTION ON THE SENTENCE.

██ This is without merit. The appellant presents no evidence suggesting that the convening authority took an action which he believed to be inappropriate. A careful reading of appellant's discussion of this assigned error leads to the conclusion that the appellant is merely complaining about the sufficiency of the staff judge advocate's review, not about impeachment. Notwithstanding, the perceived error about which he complains was waived by the failure of the trial defense counsel to address the issue in response to the staff judge advocate's review. *United States v. Barnes*, 3 M.J. 406 (C.M.A.1977).

## VII

THE SENTENCE AS APPROVED BY THE CONVENING AUTHORITY IS INAPPROPRIATELY SEVERE AS A MATTER OF FACT.

We find this assignment to be totally devoid of merit and summarily reject it.

The findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence, as approved on review below, are affirmed.

Chief Judge CEDARBURG and Judge MAY concur.